IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BARTON, | ) | **ELECTRONICALLY FILED** |
| *Plaintiff,* | ) | |
| vs. | ) | Case No. 2:20-cv-00464-WSS |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) | **FIRST AMENDED COMPLAINT** |
| *Defendant.,* | ) | |

Filed on Behalf of Plaintiff:
Eric Barton

Counsel of Record for this Party:

**THE LAW FIRM OF FENTERS WARD**

Joshua P. Ward
Pa. I.D. No. 320347

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:   (412) 545-3015
Fax No.:     (412) 540-3399
E-mail:      JWard@FentersWard.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC BARTON, | ) | ELECTRONICALLY FILED |
| *Plaintiff,* | ) ) ) | |
| vs. | ) ) | Case No. 2:20-cv-00464-WSS |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | ) ) ) | |
| *Defendant.,* | ) ) | |

### FIRST AMENDED COMPLAINT

AND NOW, comes Plaintiff, Eric Barton, by and through the undersigned counsel, The Law Firm of Fenters Ward and, specifically, Joshua P. Ward, Esquire, who files the within First Amended Complaint in Civil Action against Defendant, Portfolio Recovery Associates, LLC, of which the following is a statement:

### PARTIES

1. Plaintiff, Eric Barton (hereinafter "Eric Barton"), is an adult individual who currently resides at 220 Valley Street, Apt C, Lewistown, Pennsylvania 17044.

2. Defendant, Portfolio Recovery Associates, LLC, (hereinafter "Portfolio Recovery Associates"), is a corporation with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

### JURISDICTION AND VENUE

3. Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C.A. § 1692, *et seq.* (hereinafter, the "FDCPA").

1

4.  Venue is proper pursuant to 28 U.S.C. § 1441(a) as Defendant properly removed this case from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania on April 3, 2020.

5.  Defendant's removal was proper because the Court has original jurisdiction over the civil action brought in Allegheny County and the Defendant is subject to the Court's personal jurisdiction pursuant to 28 U.S.C. § 1391(a)(1) and 28 U.S.C. § 1391(c)(2), as the Defendant has significant business contacts and regularly conducts business in the Western District of Pennsylvania.

6.  Defendant's business activity in the Western District of Pennsylvania includes, but is not limited to: solicitation and purchasing of hundreds-of-thousands of charged-off debts from original creditors and third party debt buyers, subsequent collection efforts, settlement negotiations and execution of settlement agreements, filing tens-of-thousands of lawsuits against consumers, solicitation and employment of law firms and attorneys to collect on purchased debts, use of telephones to contact consumers regarding the collection of debts, and the use of the postal system to contact consumers regarding the collection of debts. *See Generally,* Consent Order, No. 2015-CFPB-0023 (detailing Portfolio Recovery Associates' business activities).

7.  In fact, Defendant maintains a physical office in the Western District managed by Attorney Robert N. Polas, Jr., who conducts collection efforts for Defendant and prosecutes a great number of claims for the Defendant.

## **PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS**

8.  On August 12, 2019, Portfolio Recovery Associates, filed a Civil Complaint against Eric Barton in Magisterial District Court at Docket Number: MJ-58301-CV-0000132-2019. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

9.  In response to the aforesaid lawsuit, Eric Barton engaged The Law Firm of Fenters Ward for representation.

10. On September 3, 2019, The Law Firm of Fenters Ward served Portfolio Recovery Associates with a letter, (hereinafter, the "First Dispute Letter") wherein Portfolio Recovery Associates was informed of the disputed nature regarding the alleged debt and that Eric Barton was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

11. This First Dispute Letter stated that Eric Barton "denie[d] owing Portfolio Recovery Associates, LLC any amount of money" and therefore disputed any and all alleged debts Portfolio Recovery Associates claimed to possess. See Exhibit "B".

12. Furthermore, Portfolio Recovery Associates was directed to cease and desist from contacting Eric Barton directly. See Exhibit "B".

13. On September 19, 2019, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Eric Barton's behalf. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit "C".

14. On September 19, 2019, a Civil Action Hearing was held before the Honorable Jack E. Miller, Magisterial District Judge. See Exhibit "A".

15. During the Civil Action Hearing, counsel for Portfolio Recovery Associates offered into evidence unredacted confidential information associated with Eric Barton. A true and correct copy of the offered exhibits is attached hereto, made a part hereof, and marked as Exhibit "D"

16. Portfolio Recovery Associates failed to redact the confidential information contained within these statements, thus exposing the confidential information to the public. See Exhibit "D".

17. This confidential information took the form of a sixteen-digit account number capable of identifying Eric Barton as an alleged debtor. See Exhibit "D".

18. On September 19, 2019, at the conclusion of the Civil Action hearing, Judge Jack E. Miller granted a JUDGMENT FOR PLAINTIFF in favor of Eric Barton and against Portfolio Recovery Associates. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "E".

19. On or about October 7, 2019, The Law Firm of Fenters Ward filed its Notice of Appeal and Rule to File Complaint in the Court of Common Pleas of Mifflin County at case number CP-44-CV-1323-2019, Portfolio Recovery Associates' appeal period expired, making Judge Jack E. Miller's JUDGMENT FOR PLAINTIFF a final judgment: rendering the alleged debt extinguished and unenforceable.

20. Plaintiff filed a Complaint in Civil Action in the Court of Common Pleas of Alleghany County addressing Defendant's violations of the FDCPA on February 26, 2020, and Defendant removed the case to the United States District Court for the Western District of Pennsylvania on April 3, 2020.

## COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C.A. § 1692, *et seq.*

21. Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

22. There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C.A. 1692(a).

23. The purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C.A. § 1692(e).

24. Eric Barton is a "consumer" as defined by § 1692a(3) of the FDCPA.

25. Portfolio Recovery Associates is a "debt collector" as defined by § 1692a(6) of the FDCPA.

26. The Third Circuit has held that the FDCPA is to be enforced by private attorney generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

27. The Third Circuit has held that the FDCPA protects consumers' identifying information and disclosure of account numbers or other identifying information constitutes impermissible language or symbols under 15 U.S.C.A. § 1692f(8) of the FDCPA. *Douglas v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014).

28. Section 1692f of the FDCPA provides:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> …
> (8) Using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

15 U.S.C.A. § 1692f

29. On September 19, 2019, a Civil Action Hearing was held before the Honorable Jack E. Miller, Magisterial District Judge. See Exhibit "A".

30. During the Civil Action Hearing, counsel for Portfolio Recovery Associates offered into evidence unredacted and unprotected information associated with Eric Barton relating to the alleged debt. See Exhibit "D".

31. Portfolio Recovery Associates failed to redact the confidential information contained within these statements, thus exposing the confidential information associated with the alleged debt to the public. See Exhibit "D".

32. Portfolio Recovery Associates failed to file a Confidential Document Form as required by 204 Pa. Code § 213.81 to shield confidential exhibits from public exposure and to protect confidential information.

33. Portfolio Recovery Associates failed to take any measures to protect the release of personal and confidential information associated with Eric Barton to the public. See Exhibit "D".

34. This confidential information took the form of a sixteen-digit account number capable of identifying Eric Barton as an alleged debtor. See Exhibit "D".

35. Following, *Douglas v. Convergent Collections*, 765 F.3d 299, 306 (3d. Cir. 2014) the disclosure of confidential information capable of identifying an individual as an alleged debtor constitutes impermissible language or symbols sufficient for liability under 15 U.S.C.A. § 1692f(8) of the FDCPA.

36. Therefore, Portfolio Recovery Associates' disclosure of an unredacted sixteen-digit account number violated 1692(f)(8) of the FDCPA.

37. Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

38. Here, the only natural consequence of Portfolio Recovery Associates' acts of willfully disclosing confidential information associated with Eric Barton was to harass, oppress, or abuse Eric Barton.

39. As such, Portfolio Recovery Associates' conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

40. Section 1692k(a) of the FDCPA provides, in relevant part:

> …any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

41. As a direct and proximate result of Portfolio Recovery Associates' violations of the FDCPA, as set forth above, Eric Barton has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Eric Barton, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Portfolio Recovery Associates, LLC, and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully submitted,

**THE LAW FIRM OF FENTERS WARD**

Date: April 29, 2020

By: _____
Joshua P. Ward (Pa. I.D. No. 320347)

The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

8