IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BARTON, *Plaintiff,* v. PORTFOLIO RECOVERY ASSOCIATES, LLC, *Defendant.* | Civil Action No. 2:20-cv-464 Hon. William S. Stickman IV |

## MEMORANDUM ORDER OF COURT

WILLIAM S. STICKMAN IV, United States District Judge

Plaintiff Eric Barton ("Barton") filed a Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. The matter was removed from Pennsylvania state court to this Court on April 3, 2020. Shortly thereafter, on April 29, 2020, Barton filed an Amended Complaint alleging one cause of action against Defendant Portfolio Recovery Associates, LLC ("PRA") – violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et. seq.* Barton claims PRA violated the FDCPA when its counsel offered into evidence unredacted confidential information during trial of a lawsuit PRA filed against Barton in a Pennsylvania Magisterial District Court to collect a delinquent credit card account. (ECF No. 7, ¶¶ 15-17, 29-34). He alleges, "the only natural consequence of [PRA's] acts of willfully disclosing confidential information associated with Eric Barton was to harass, oppress, or abuse Eric Barton, and it violated 15 U.S.C. § 1692d." *Id.* at ¶¶ 38-40. PRA filed a Motion to Dismiss Plaintiff's Amended Complaint for Improper Venue Pursuant to Fed. R. Civ. P. 12(b)(3). (ECF No. 9). The Court denies PRA's motion to dismiss, but grants PRA's motion to transfer. This

1

case will be transferred to the United States District Court for the Middle District of Pennsylvania.

## I. STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(3) is the proper vehicle for seeking a dismissal only when venue in the chosen forum is improper under the federal statutes, *see Atlantic Marine Const. Co. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 55 (2013), although the Court retains the discretion to transfer, rather than dismiss, were it to find venue improper.[1]  A defendant seeking dismissal under Rule 12(b)(3) bears the burden of showing that venue is improper. *See Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 F. App'x 83, 86 (3d Cir. 2011). *See also Myers v. American Dental Ass'n*, 695 F.2d 716, 725 (3d Cir. 1982). In deciding a motion to dismiss and/or transfer for improper venue under Rule 12(b)(3), the Court must generally accept as true the allegations in the pleadings. In "ruling on defendant's motion the plaintiff's choice of venue should not be lightly disturbed." *Jumara,* 55 F.3d at 879.

## II. ANALYSIS

Relying on 28 U.S.C. § 1391(b), PRA contends that the Court should dismiss the case or transfer it based on improper venue under Fed. R. Civ. P. 12(b)(3). Barton counters that the Court has personal jurisdiction over PRA and, therefore, venue is proper in the Western District of Pennsylvania ("Western District"). The Court's analysis follows.

---

[1] If venue is inappropriate, a court may either dismiss the action or transfer it to the court which has appropriate venue. 28 U.S.C. § 1404; 28 U.S.C. § 1406. Section 1406 "applies where the original venue is improper and provides for either transfer or dismissal of the case." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir. 1995). Section 1404(a) provides for transferring a case in which both the original and the requested venue are proper. *Id.*

### A. Venue is Improper in the Western District of Pennsylvania

The Court begins with determining whether venue would be proper in the Western District. The propriety of venue is generally governed by 28 U.S.C. § 1391(b), which provides that a civil action may be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). None of these subsections allow for this lawsuit to continue in the Western District.

(1) <u>28 U.S.C. § 1391(b)(1)</u>

Pursuant to § 1391(b)(1), venue in this case is improper in the Western District because PRA does not "reside" here. Residency of corporations[2] for venue purposes is defined by § 1391(d), which states:

> For purposes of venue under this chapter, in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

---

[2] PRA is an LLC. The Supreme Court's seminal decisions in *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915 (2011) and *Daimler AG v. Bauman*, 517 U.S. 117 (2014) apply equally to corporations and LLCs; indeed, one of the entities at issue in *Daimler* was an LLC. Pennsylvania courts adhere to the rules of law from those decisions. *See* e.g., *Webb-Benjamin, LLC v. Int'l Rug Grp., LLC*, 192 A.3d 1133, 1138 (Pa. Super. 2018) (en banc) (court cited *Daimler* in analyzing whether it could exercise general personal jurisdiction over LLCs under 42 PA C.S.A. § 5301).

28 U.S.C. § 1391(d). Thus, to determine if venue is proper under 28 U.S.C. § 1391(b)(1), the Court must engage in a legal fiction wherein it analyzes whether the Western District could exercise personal jurisdiction over PRA (a foreign LLC) as if it were an independent state.

Under Fed. R. Civ. P. 4(e), the law of the forum in which a federal district court sits controls the analysis of personal jurisdiction under its long-arm statute. The Court sits in Pennsylvania, therefore, Pennsylvania law controls. The boundaries imposed by Pennsylvania's long-arm statute on personal jurisdiction are coextensive with those imposed by the Fourteenth Amendment. 42 Pa.C.S.A. § 5322; *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996); *Kenneth H. Oaks, Ltd. v. Josephson*, 568 A.2d 215, 216-17 (Pa.Super. 1989). A federal court sitting in diversity in Pennsylvania must, therefore, look to federal jurisprudence to determine whether a defendant is subject to personal jurisdiction. *Vetrotex*, 75 F.3d at 150. The Due Process Clause of the Fourteenth Amendment to the United States Constitution only authorizes a court to exercise personal jurisdiction if a defendant purposefully established minimum contacts that have a substantial connection with the forum. U.S. CONST. Amend XIV; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (citing cases); *Int'l Shoe Co. v. State of Wash., Off. of Unemp't Comp. & Placement*, 326 U.S. 310, 319 (1945).

Personal jurisdiction is a genus that contains two species: general jurisdiction and specific jurisdiction. *Goodyear*, 564 U.S. at 919 (citation omitted). General jurisdiction arises from a defendant's non-forum related activities, while specific jurisdiction arises from a defendant's forum-related activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & nn.8–9 (1984); *Vetrotex*, 75 F.3d at 151 (citation omitted). The Court holds that if the

Western District were a separate state, it could not exercise personal jurisdiction over PRA under either general or specific personal jurisdiction.

General jurisdiction exists where a defendant has "continuous and systematic" contacts with the Western District so as "to render [it] essentially at home in the forum state." *Daimler*, 571 U.S. at 127 (quoting *Goodyear*, 564 U.S. at 919 (internal quotation marks omitted)). The Supreme Court has advised:

> With respect to a corporation, the place of incorporation and principal place of business are paradigm…bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. ("Simple jurisdictional rules…provide greater predictability"). These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Id.* at 137 (internal citations omitted). The Court cannot find any basis to conclude that PRA has continuous and systematic contacts with the Western District such that it is practically at home in the Western District.

Barton has not pled that PRA is a Pennsylvania LLC/corporation or that it has its principal place of business in the Western District. Rather, he alleges:

> 6. Defendant's business activity in the Western District of Pennsylvania includes, but is not limited to: solicitation and purchasing of hundreds-of-thousands of charged-off debts from original creditors and third party debt buyers, subsequent collection efforts, settlement negotiations and execution of settlement agreements, filing tens-of-thousands of lawsuits against consumers, solicitation and employment of law firms and attorneys to collect on purchased debts, use of telephones to contact consumers regarding the collection of debts, and the use of the postal service to contact consumers regarding the collection of debts. […]
> 7. In fact, Defendant maintains a physical office in the Western District managed by Attorney Robert N. Polas, Jr., who conducts collection efforts for Defendant and prosecutes a great number of claims for the Defendant.

(ECF No. 7, ¶¶ 6-7).[3] In other words, Barton alleges general debt-collection activities by PRA within the Western District. He does not allege that his claim arose from PRA's debt collection procedures utilized in the Western District. It is of note that activities of foreign corporations that are <u>not</u> considered to be doing business in Pennsylvania include "[c]reating or acquiring indebtedness, mortgages or security interests in property" and "securing or collecting debts or enforcing mortgages or security interests in property securing the debts and holding, protecting or maintaining property so acquired." 15 Pa.C.S.A. §§ 403(a)(7) and (8). The Court is not persuaded that PRA's debt-collection activities in the Western District, which statutorily do not constitute doing business in Pennsylvania, is evidence of systematic and continuous contacts which would give rise to an inference that PRA regarded the Western District as its home state. Therefore, the Court holds that Barton's general allegation of PRA's debt-collection activities in this district is insufficient to establish general jurisdiction for PRA in the Western District.

Barton also points to other lawsuits that PRA has apparently filed in Western District through local counsel to show the systematic and continuous contacts needed to permit the exercise of general jurisdiction. The Court holds that the mere filing of these lawsuits is not sufficient evidence that PRA is at home in the Western District. Barton has not provided extensive and persuasive facts that convince the Court that PRA is at home in the Western District because of these lawsuits. *See Goodyear*, 564 U.S. at 924. ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home."). The facts pled in Barton's Amended Complaint do not demonstrate that PRA has, or

---

[3] Barton has not pled that PRA maintains a physical office in the Western District. Instead, he alleges that an attorney retained by PRA to handle certain legal matters maintains a physical office in the Western District.

maintains, continuous and substantial contacts with the Western District. Consequently, the Court cannot find that there is general personal jurisdiction over PRA.

The Court also holds that it cannot exercise specific jurisdiction over PRA. Specific jurisdiction is dependent upon the relationship of the litigation to the defendant's contacts with the forum. A court will look to the contacts between the defendant and the forum relative to the causes of action asserted by the plaintiff. "Specific jurisdiction is present only if the plaintiff's cause of action arises out of a defendant's forum-related activities, such that the defendant should reasonably anticipate being haled into court in that forum." *Gorton v. Air & Liquid Systems Corp.*, 303 F.Supp.3d 278, 292 (M.D. Pa. 2018) (quoting *Vetrotex,* 75 F.3d at 151). *See also D'Jamoos ex rel. Estate of Weingeroff v Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009) (to establish specific jurisdiction, plaintiff must satisfy the following three requirements (1) the defendant "purposefully directed [its] activities at the forum"; (2) the litigation arises out of or relates to at least one of those activities; and (3) the court's exercise of jurisdiction would comport with traditional notions of "fair play and substantial justice." (citations omitted)).

Barton has not satisfied his burden to demonstrate that the Court has specific jurisdiction over PRA. In his Amended Complaint, Barton did not plead any facts demonstrating that his claims were caused by any acts of PRA that occurred in or were directed at the Western District. Barton does not allege that he had any contact with PRA in the Western District. The Amended Complaint clearly establishes that all the alleged acts and omissions giving rise to the lawsuit occurred within the jurisdictional limits of the Middle District of Pennsylvania ("Middle District"). Consequently, the Court cannot find any basis to conclude that it should exercise specific personal jurisdiction over PRA.

For the aforementioned reasons, PRA does not have sufficient contacts within the Western District that would subject it to personal jurisdiction here if the Western District were a separate state. Pursuant to § 1391(b)(1), venue in this case is improper in the Western District because PRA does not "reside" here.

(2) 28 U.S.C. § 1391(b)(2)

Venue is improper in the Western District pursuant to § 1391(b)(2) because a substantial part of the events giving rise to the claim did not occur within this district. In fact, all of the events giving rise to Barton's lawsuit occurred in Mifflin County, Pennsylvania, which lies in the Harrisburg division of the Middle District. None of the events giving rise to the claim occurred within the Western District, none of the parties reside in the Western District, none of the witnesses are in the Western District, and no representations have been made that any evidence or records relevant to this lawsuit exist in the Western District.

(3) 28 U.S.C. § 1391(b)(3)

Finally, pursuant to § 1391(b)(3), venue is improper in the Western District because, as discussed above, PRA is not subject to personal jurisdiction in the Western District, and there are other fora in which the action may be brought; the Middle District (where the events occurred and specific jurisdiction over PRA exists), Virginia (where PRA maintains its principal place of business) or Delaware (where PRA is registered). Thus, venue is improper in the Western District.

In conclusion, the Court holds that venue is improper in the Western District of Pennsylvania. The only connection this lawsuit has with the Western District is Barton's mistaken belief that venue is proper.

### B. Venue is Proper in the Middle District of Pennsylvania

The Court next considers whether venue would be proper in the transferee districts proposed by PRA – i.e., districts in Virginia, Delaware, or the Middle District of Pennsylvania. Notably, Barton has offered no response or opposition to PRA's motion to transfer. The Middle District is clearly where the events giving rising to this litigation occurred. It is also of note that Barton resides in the Middle District. (ECF No. 7, ¶ 1). Thus, the Court holds that venue is proper in the Middle District.

### C. Transfer to the Middle District of Pennsylvania is appropriate

Because the Court has determined that venue is proper in the Middle District, it must now consider the appropriate remedy. Under 28 U.S.C. § 1406(a): "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." A district court has broad discretion in deciding whether to transfer a case and should do so when it is in the interest of justice. *Decker v. Dyson*, 165 F. App'x 951, 954 n. 3 (3d Cir.2006) (citation omitted). As previously noted, the claim underlying this lawsuit arose in the Middle District, witnesses are presumably in or near the Middle District, Barton resides in the Middle District, and records and/or evidence are located in the Middle District. Barton has offered absolutely no persuasive rationale for choosing a forum where he does not reside and where the events giving rise to his lawsuit did not occur. He does not dispute that he could have filed this lawsuit in the Middle District of Pennsylvania.

The Court concludes that the interests of justice dictate that it should transfer this case to the Middle District rather than grant a dismissal.[4] There are no policy impediments to transferring this case to the Middle District. Transfer will save the time and expense associated with initiating a new lawsuit and it will promote judicial economy.

### III. CONCLUSION

AND NOW, this 28 of July 2020, IT IS HEREBY ORDERED that the motion to dismiss is denied, but the motion to transfer is granted. IT IS FURTHER ORERED that the Clerk TRANSFER this matter to the United States District Court for the Middle District of Pennsylvania forthwith. This case is CLOSED in the United States District Court for the Western District of Pennsylvania.

BY THE COURT:

_____
WILLIAM S. STICKMAN IV
UNITED STATES DISTRICT JUDGE

---

[4] Transfer of this action is also possible under 28 U.S.C. § 1631, which provides, in pertinent part, as follows:

> Whenever a civil action is filed in a [federal] court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.